In administrative, licensing, or other proceedings, and in any judicial review of such a proceeding, the alleged pollution, impairment, or destruction of the air, water, or other natural resources, or the public trust in these resources, shall be determined, and conduct shall not be authorized or approved that has or is likely to have such an effect if there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety, and welfare. [MCL 324.1705(2).]

The trial court thoroughly analyzed the "alleged pollution, impairment, or destruction" caused by the conduct authorized by the COC. Yet it failed to consider whether a "feasible and prudent alternative" existed. The hearing referee never reviewed the permit issuance under MCL 324.1705(2), so the court based its finding that the COC impermissibly conflicted with MEPA on evidence presented in the separate MEPA civil suit. The use of this evidence is troubling because no evidence regarding a "feasible and prudent alternative" (or lack thereof) was presented, or even relevant, in the civil suit. MCL 324.1701, under which plaintiffs brought the civil suit, does not condition relief upon a lack of alternatives. Thus, I do not believe the court's use of evidence from the civil trial provided it with a sufficient basis for reaching its decision under MCL 324.1705(2). The Court of Appeals should also address this issue to ensure that MCL 324.1705 is properly followed.

Accordingly, I continue to favor a remand to the Court of Appeals for considerations on leave granted. I would deny plaintiffs' motion for reconsideration.

YOUNG and MARKMAN, JJ. We join the statement of Justice CORRIGAN.

*Orders Granting Oral Argument in Cases Pending on Application for Leave to Appeal February 6, 2009:*

PEOPLE v LOWE, No. 137284. The Clerk of the Court is directed to place this case on the April 2009 session calendar for argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall submit supplemental briefs within 35 days of the date of this order addressing: (1) whether, with respect to a defendant subject to sentence enhancement of "twice the term otherwise authorized" under MCL 333.7413(2), the minimum sentence range recommended by the sentencing guidelines may be doubled; (2) whether this question was correctly decided in *People v Williams*, 268 Mich App 416 (2005); and (3) what impact, if any, MCL 777.21(4) has on this question.

We further order the Hillsdale Circuit Court to appoint the State Appellate Defender Office to represent the defendant in this Court.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae, to be filed no later than April 1, 2009. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae, to be filed no later than April 1, 2009. Court of Appeals No. 286373.